# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LAUREN MAJORS, individually and as )
Next Friend of A.D., a Minor, )
                                               )
             Plaintiffs, )
                                               )
v.                                              ) No. CIV-11-457-FHS
                                              )
BIG LOTS STORES, INC., )
                                               )
             Defendant. )

## OPINION AND ORDER

This case was originally filed in the District Court of Muskogee County, Oklahoma, and was removed to this federal court on the basis of diversity jurisdiction. Plaintiff, Lauren Majors ("Plaintiff"), filed this action on behalf of herself and her minor daughter, A.D., against Defendant, Big Lots Stores, Inc. ("Big Lots"), asserting a claim for negligence based on an alleged slip and fall incident in Big Lots' Muskogee store on December 8, 2010. Before the Court for its consideration is Big Lots' Motion for Summary Judgment (Dkt. No. 18). Big Lots contends summary judgment is appropriate on Plaintiff's negligence claim because (1) there is no evidence that it had notice of the alleged hazard and (2) the alleged slip and fall was caused by an open and obvious hazard.[1] In response, Plaintiff contends there are issues of fact as to both

---

[1] Big Lots also contends that Plaintiff's claim for emotional distress damages, in her individual capacity, fails as a matter of law as such damages were not produced by or connected with any physical suffering on her part. In her response, Plaintiff admits that she did not sustain any physical injury as a result of the slip and fall incident involving A.D.; consequently, Plaintiff abandons her claim brought in her individual capacity.

1

points raised by Big Lots and that summary judgment is not appropriate. For the reasons stated below, the Court finds summary judgment should be denied.

The parties spend a considerable amount of their briefing discussing the appropriate standard for assessing summary judgment in federal court. As to this issue, the Court notes that while Oklahoma law governs the substantive issues in this diversity case, federal law controls the summary judgment standard. See Haberman v. The Hartford Insurance Group, 443 F.3d 1257, 1264 (10th Cir. 2006)(in a diversity action, the forum's substantive law applies to the underlying claims, "but federal law controls the ultimate, procedural question whether judgment as a matter of law is appropriate") and Ring v. Lexington Apartments & Motor Inns - Oklahoma, 3 Fed.Appx. 847, 849 (10th Cir. 2001)(in a diversity action, substantive law applies, but the court will "follow federal law in determining the propriety of the district court's grant of summary judgment"). While Plaintiff did rely on a previously utilized Oklahoma summary judgment standard in her response brief[2], i.e. "the burden is not upon plaintiff to prove defendant was negligent in order to avoid defendant's motion for summary judgment," White v. Wynn, 708 P.2d 1126, 1129 (Okla. 1985), Plaintiff concedes in her surreply brief that she is not arguing for the application of a different Oklahoma standard, but rather, she contends the application of the relevant federal summary judgment standard results in genuine issues of material fact precluding summary judgment.

---

[2] In light of Oklahoma's adoption of 12 O.S. § 2056 in 2009, there presently doesn't appear to be any material difference in the summary judgment standards under Oklahoma and federal law. See 12 O.S. § 2056 and Fed.R.Civ.P. 56.

2

The standards relevant to the disposition of a case on summary judgment in federal court are well established. Having moved for summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure, Big Lots' initial burden is to show the absence of evidence to support Plaintiff's claim. Celotex v. Catrett, 477 U.S. 317, 325 (1986). Big Lots must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which establish the absence of any genuine issue of material fact. Universal Money Centers v. AT&T, 22 F.3d 1527, 1529 (10th Cir. 1994)(quoting Fed. R. Civ. P. 56(c)). Big Lots need not negate Plaintiff's claim or disprove her evidence, but rather, its burden is to show that there is no evidence in the record to support Plaintiff's claim. Celotex, 477 U.S. at 325. Plaintiff, as the nonmoving party, must go beyond the pleadings and "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [she] carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

Summary judgment is not appropriate if there exists a genuine material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51 (1986). "A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to Plaintiff. See Anderson, 477 U.S. at 255; Deepwater Invs. Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991); McWilliams v. Jefferson County, 463 F.3d 1113,

3

1116 (10th Cir. 2006)("In determining whether any genuine issue as to any material fact exists, evidence is to be liberally construed in favor of the party opposing the motion for summary judgment."). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

On December 8, 2010, Plaintiff and her three-year old daughter, A.D., went to a Big Lots store in Muskogee, Oklahoma. They were accompanied by A.D.'s step-father, Dalton Majors ("Dalton"). Plaintiff alleges A.D. was seated in a shopping cart that Dalton was pushing while the family was shopping inside the store. Plaintiff contends that as Dalton turned a corner of one of the aisles, the wheels on the shopping cart did not turn and they began to slide, causing Dalton, A.D., and the shopping cart to fall. As a result of this fall, A.D.'s left femur was broken. After the fall, Dalton observed a liquid substance on the floor he believed to be Crisco cooking oil. As to the color or consistency of the substance, Dalton testified that "whenever the lights are shining on the floors, all shiny, you can't see. It's going to look just like a waxed floor." Dalton Deposition, p. 75, lines 6-8. In response to one of Plaintiff's interrogatories, Big Lots states that "all areas of the store are cleared at closing each day and reviewed before opening." Big Lots Answer to Plaintiff's Interrogatory No. 16.

Under Oklahoma law, "[a] business invitor has a duty to exercise reasonable care to prevent injury to an invitee, but the invitor owes no duty to protect against hazards that are open and obvious." Dover v. W.H. Braum, Inc., 111 P.3d 243, 245 (Okla.

4

2005). Big Lots' duty is limited to protecting invitees[3] from "defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by [them] in the exercise of ordinary care." Id. at 246. An invitor such as Big Lots is not the "guarantor of the safety of its invitees," and is not liable for injuries caused by a hazard that the invitee should have been aware. Id. at 245. Because a hazard is visible or observable, however, does not necessarily transform it into an open and obvious condition as a matter of law. Sholer v. ERC Management Group, LLC, 256 P.3d 38, 43-44 (Okla. 2011).

Here, summary judgment is inappropriate as questions of fact exist as to whether Big Lots exercised reasonable care to prevent injuries to its invitees and whether the condition of the floor constituted a hidden danger. As to Big Lots' duty to protect its invitees from harm, the evidence suggests that Big Lots clears all areas of the store before closing and reviews those areas before opening. This evidence also suggests that no other monitoring of the aisles or other areas of the stores takes place during business hours. Whether this monitoring of its store equates with the failure to exercise reasonable care to prevent injuries to its invitees, in light of the nature of the business and the products sold by Big Lots, is a question of fact to be resolved at trial by a jury. See Glover v. Montgomery Ward & Co., 536 P.2d 401, 408 (Okla.Ct.App. 1974)(in a slip and fall case, negligence on the part of the storekeeper "is usually a question of fact for the jury" and it may be established by showing a failure to inspect or maintain the premises, or by showing a lack of care in policing the

---

[3] There is no dispute that Plaintiff, Dalton, and A.D. were invitees.

premises). As to the open and obvious nature of the hazard, the Court cannot find, as a matter of law, that a substance believed to be Crisco cooking oil is an open and obvious condition in the face of testimony that such substance was on a "shiny" surface that made it appear to look like "a waxed floor." The fact that Dalton initially agreed in his deposition testimony that he would have been able to see the substance if he didn't have the shopping cart in front of him does not alter the Court's conclusion as the undisputed evidence is that Dalton *was* pushing a shopping cart provided by Big Lots and it did, at least to some extent, obstruct his view. Factual circumstances related to the extent of the obstruction can be considered by a jury in resolving the disputed nature of the substance and whether Dalton exercised ordinary care as he navigated the aisle in Big Lots' store. Thus, whether the substance constituted an open and obvious condition is a question of fact entitling Plaintiff to resolve such issue before a jury.

Based on the forgoing reasons, Big Lots' Motion for Summary Judgment (Dkt. No. 18) is denied as to the claim for negligence brought by Plaintiff on behalf of A.D. Big Lots' Motion for Summary Judgment (Dkt. No. 18) is granted as to Plaintiff's negligence claim brought in her individual capacity.

It is so ordered this 5th day of October, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma